**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0424-19

LAWRENCE "LARRY"
WAINSTEIN and
ELIZABETH VIOLE,

      Plaintiffs-Appellants,

v.

8619 HOLDING COMPANY,
LLC, and NORTH BERGEN
BOARD OF ADJUSTMENT,

      Defendants-Respondents.

_____

Argued January 11, 2021 – Decided November 8, 2021

Before Judges Messano and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4425-18.

Mario M. Blanch argued the cause for appellant Elizabeth Viole.

Santo T. Alampi argued the cause for respondent 8619 Holding Company, LLC (Alampi & De Marrais, attorneys; Santo T. Alampi, on the brief).

John R. Dineen argued the cause for respondent North Bergen Board of Adjustment (Netchert, Dineen & Hillmann, attorneys; John R. Dineen, on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

Plaintiffs Lawrence "Larry" Wainstein[1] and Elizabeth Viole filed a complaint in lieu of prerogative writ challenging defendant North Bergen Board of Adjustment's (Board) approval of a preliminary and final site plan application to develop a four-lot parcel of land.  When the trial court found in favor of defendant Board and co-defendant 8619 Holding Company, LLC (8619 Holding), plaintiffs appealed, arguing that the Board's action was arbitrary and capricious and that the trial court erred by finding the Board had sufficient evidence in the record to grant the  approval of the application.  We affirm for the reasons set forth below.

I.

Co-defendant 8619 Holding owns property consisting of four lots located in North Bergen.[2]  The property is located in the township's C1-B Limited Mixed-Zone, which is zoned for a maximum building height of sixty feet with

---

[1]  Appellant Lawrence Wainstein's brief was suppressed April 9, 2020.
[2]  Block 384, Lots 26.02, 30.02, 32.02 and 35 on the Township of North Bergen tax map.

A-0424-19

eighty percent lot coverage, and it abuts a sizable neighborhood park. On September 11, 2017, 8619 Holding applied to the Board for site plan approval to construct a thirteen-story mixed use commercial and residential building. The application proposed a 155-foot-tall building with two commercial units, 173 residential units, and 199 indoor parking spaces as well as 100% lot coverage, and it sought relief in the form of a (d)(3) conditional use variance, a (d)(5) density variance, and a (d)(6) height variance as well as several (c), or bulk, variances.

The Board conducted four public hearings on April 19, May 2, June 20, and July 26, 2018. 8619 Holding's architect, automated parking engineer, traffic engineer, planner, and two site engineers each testified before the Board.

Dean Marchetto, 8619 Holding's architect, performed a shadow study to help determine the effects of the proposed building height on the surrounding neighborhood. Marchetto testified to the building's architecture, emphasizing that the building's podium would incorporate retail and parking. He testified that "[o]nce you get above the podium, the residential building steps back . . . ." Marchetto also testified that the proposed building height would not negatively impact the neighborhood.

John McDonough, 8619 Holding's planner, testified that the proposed building height, while exceeding the limits in North Bergen's height ordinance,

did not violate its purposes. As to positive criteria, McDonough testified that the proposed height would: create a focal point along the North Bergen skyline; add diversity to the skyline in contrast to other tall buildings surrounding the park; and elevate the image and identity of the park.

As to negative criteria, McDonough testified that "height relief could be granted without any substantial detriment to the public." He further testified that step backs incorporated into the podium-style design of the building mitigated negative height effects on the surrounding neighborhood; and that the proposed building would not block any scenic views. McDonough also testified that the height of the proposed building would not create a negative shadow effect on the adjacent properties. He testified that the skyline, as viewed from a remote vantage point, would not be negatively impacted by the proposed building, as there are taller buildings around the park. McDonough opined that height relief would not pose any substantial detriment to the public and that the granting of relief could be accomplished without substantial impairment to North Bergen's zoning plan. McDonough's testimony was uncontroverted, and plaintiffs submitted no expert testimony.

During the course of the hearings, 8619 Holding modified its application by, among other things: reducing the proposed height of the building from thirteen stories to eleven stories; reducing by thirty-eight the number of

4

residential units proposed for the building; and reducing the size of the parking wall from thirty-one feet to twenty-four feet.

On July 26, the Board approved the application and its accompanying variances. The Board's seven-page resolution included findings of fact and conclusions of law. With regard to the height relief sought under N.J.S.A. 40:55D-70(d)(6), the Board noted its findings in the resolution, citing McDonough's testimony, as well as the height-related positive and negative criteria. The Board also found that the variance applications, including the height variance, presented "no substantial negative impairment and that the benefits of the [the] application outweigh[ed] any detriment." The Board stated that the purposes of the zoning code would be furthered by its approval of the application, specifically by facilitating the creation of new housing stock while maximizing use of the park, adding distinctive and unique architecture to the park area, and minimizing urban spawl. The Board also found that the proposed building aligned with the North Bergen master plan, which called for revitalization of the Bergenline Avenue corridor, with an emphasis on combining smaller lots for the purpose of developing larger projects.

On November 5, 2018, plaintiffs sued, alleging the Board "failed to . . . make findings that would satisfy both the positive and negative criteria required to grant the variances."

 A-0424-19

The trial court gave deference to the Board's decision, noting that it would reverse only if it found the board's decision to be arbitrary, capricious, or unreasonable. See Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (citations omitted). Looking to the comprehensive record developed over four days of planning and zoning board hearings, the trial court found the Board "discharged its duty carefully and completely," and affirmed the Board's resolution. The court cited the detailed testimony which generally referenced the positive and negative criteria and specifically as to the criteria related to the (d)(6) height variance. The trial court found the Board reasonably relied on the testimony before it to reach its conclusion, and further found no basis to conclude that any aspect of the Board's resolution was "arbitrary, capricious or unreasonable."

The plaintiffs appeal, contending that the Board failed to make positive and negative criteria findings in connection with its approval of the (d)(6) height variance and that the trial court failed to set forth adequate reasons in the record for its order affirming the Board's action.

II.

"When reviewing a trial court's decision regarding the validity of a local board's determination, 'we are bound by the same standards as . . . the trial court.'" Jacoby v. Zoning Bd. of Adjustment of Borough of Englewood Cliffs, 442 N.J. Super. 450, 462 (App. Div. 2015) (quoting Fallone Props., L.L.C. v.

6

Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)).  "We have long recognized that zoning boards, 'because of their peculiar knowledge of local conditions[,] must be allowed wide latitude in the exercise of delegated discretion.'"  Price, 214 N.J. at 284 (alteration in original) (quoting Kramer v. Bd. of Adjustment, Sea Girt, 45 N.J. 268, 296 (1965)).

A zoning board's decision "enjoy[s] a presumption of validity, and a court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion."  Ibid.  "Because a [board's] actions are presumed valid, the party 'attacking such action [has] the burden of proving otherwise.'"  Northgate Condo. Ass'n, Inc. v. Borough of Hillsdale Plan. Bd., 214 N.J. 120, 145 (2013) (alterations in original) (quoting Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment of W. Windsor Twp., 172 N.J. 75, 81 (2002)).  That party must show the board's decision was "arbitrary, capricious, or unreasonable."  Ibid.  "A board acts arbitrarily, capriciously, or unreasonably if its findings of fact in support of [its decision] are not supported by the record, . . . or if it usurps power reserved to the municipal governing body or another duly authorized municipal official . . . ."  Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 33 (2013) (first citing Smart SMR of N.Y., Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998); then citing Leimann v. Bd. of Adjustment of Cranford, 9 N.J. 336, 340 (1952)).

7

The Municipal Land Use Law governs land use and development planning generally and specifically authorizes zoning boards to grant variances under circumstances defined in the statute itself.[3] N.J.S.A. 40:55D-70(d) provides, in pertinent part, that the Board may:

> In particular cases for special reasons, grant a variance to allow departure from regulations pursuant to article 8 of this act to permit: . . . (6) a height of a principal structure which exceeds by 10 feet or 10% the maximum height permitted in the district for a principal structure.
>
> [N.J.S.A. 40:55D-70(d)(6).]

However,

> No variance or other relief may be granted under the terms of this section, including a variance or other relief involving an inherently beneficial use, without a showing that such variance or other relief can be granted without substantial detriment to the public good and will not substantially impair the intent and the purpose of the zone plan and zoning ordinance.
>
> [N.J.S.A. 40:55D-70(d).]

To obtain a "d" variance, an applicant must satisfy the positive and negative requirements of N.J.S.A. 40:55D-70(d).

The statute's positive criteria require an applicant to show that "special reasons" warrant granting of the variance. Ibid. To satisfy the positive

---

[3] N.J.S.A. 40:55D-1 to -163.

requirement for a (d)(6) height variance, an applicant can show undue hardship, that is, "the property for which the variance is sought cannot reasonably accommodate a structure that conforms to, or only slightly exceeds, the height permitted by the ordinance." Grasso v. Borough of Spring Lake Heights, 375 N.J. Super. 41, 51 (App. Div. 2004). "Stated differently, the applicant for a (d)(6) variance on grounds of hardship must show that the height restriction in effect prohibits utilization of the property for a conforming structure." Ibid.

To meet the negative requirement of N.J.S.A. 40:55D-70(d), an applicant can demonstrate that the proposed structure's height will not offend the zoning ordinance's purpose for the height restriction and will "nonetheless be consistent with the surrounding neighborhood." Id. at 53. A zoning board must also "consider the effect of the proposed height variance on the surrounding municipalities affected by the decision." Jacoby, 442 N.J. Super. at 466.

### III.

Applying these principles to the (d)(6) height variance challenged here, we are satisfied that the Board properly granted the relief. The record shows the Board heard uncontroverted testimony from six expert witnesses, including a planning expert who testified at length regarding positive and negative criteria. Additionally, the Board had access to relevant site plans, architectural plans, drone photography and video. After reviewing the evidence, the Board found

9 <span>A-0424-19</span>

the height variance satisfied the statutory requirements under N.J.S.A. 40:55D-70(d). The trial court found ample support in the record for the Board's positive and negative criteria findings. Recognizing that the Board's decision "enjoy[s] a presumption of validity," the trial judge found no clear abuse of discretion and chose not to substitute its judgement for the Board's. Price, 214 N.J. at 284. Plaintiffs presented nothing before the Board to challenge 8619 Holding's expert witnesses and did not meet their burden of showing the Board's action approving the height variance was invalid. Northgate, 214 N.J. at 145. The record shows that neither the Board nor the trial court were arbitrary, capricious, or unreasonable.

Plaintiffs also argue that the trial court failed to adhere to Rule 1:7-4(a) because it did not "give appropriate reasons for the Board's approval of the project." We disagree. The trial court stated its findings of fact and conclusions of law in a cogent written statement of reasons that met the requirements of the Rule.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0424-19